Citation Nr: 1134091 
Decision Date: 09/12/11 Archive Date: 09/22/11

DOCKET NO. 09-19 271 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
in Boston, Massachusetts


THE ISSUE

Entitlement to service connection for a claimed right lung disorder, to include as the residual of pneumonia.


REPRESENTATION

Appellant represented by: Vietnam Veterans of America


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

Tahirih S. Samadani, Counsel


INTRODUCTION

The Veteran served on active duty from April 1951 to April 1953. He also had additional service with the United States Army Reserve from April 1953 to March 1957.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision issued by the RO. 

During the course of his appeal, the Veteran was afforded a hearing at the RO before the undersigned Veterans Law Judge in April 2011.

When this case was before the Board in June 2011, the Board reopened the Veteran's claim and remanded it for further development. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The appeal is being remanded to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required on his part.


REMAND

A remand by the Board confers upon the claimant, as a matter of law, the right to compliance with the remand order. Stegall v. West, 11 Vet. App. 268 (1998). Where the remand orders of the Board are not complied with, the Board itself errs in failing to insure compliance. Id.

In this case, the Board agrees with the Veteran's representative that the RO did not fully comply with the Board's June 2011 remand instructions, which directed the RO to take appropriate steps to obtain copies of all outstanding records referable to treatment rendered the Veteran for his claimed lung disorder, including the Veteran's private physician showing changes involving the right lung. 

The Board acknowledges that a letter was sent to the Veteran requesting private treatment records involving the claimed right lung disorder. Despite this, it does not appear that recent VA records have been obtained. 

In April 2011, the Veteran testified that he was currently receiving treatment at the West Roxbury and Brockton VA Medical Centers, but the most recent VA treatment record included in the Veteran's file is dated in November 2007. 

In this respect, the Board notes that records generated by VA facilities that may have an impact on the adjudication of a claim are considered constructively in the possession of VA adjudicators during the consideration of a claim, regardless of whether those records are physically on file. See Dunn v. West, 11 Vet. App. 462, 466-67 (1998); Bell v. Derwinski, 2 Vet. App. 611, 613 (1992); 38 C.F.R. § 3.159(c)(2).

The Board further finds that the Veteran testified that his private physician took a CT scan and noted a "knot" in the right lung that was believed to be scarring from the Veteran's previous pneumonia. 

The actions identified herein are consistent with the duties imposed by the Veterans Claims Assistance Act of 2000 (VCAA). See 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, and 5107 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2010). 

However, identification of the specific actions requested on remand does not relieve the RO of the responsibility to ensure full compliance with VCAA.

Hence, in addition to the actions requested above, the RO should undertake any other development and provide any further notification deemed warranted by VCAA prior to readjudicating the remanded claim.

Accordingly, this matter is REMANDED to the RO for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). Expedited handling is requested.)

1. The RO should take appropriate steps to contact the Veteran and request that he identify all VA and non-VA health care providers, not already associated with the claims file, which have treated him for his right lung disorder, to include records from the West Roxbury and Brockton VA Medical Centers. The aid of the Veteran in securing these records, to include providing necessary authorizations, should be enlisted, as needed. 

The RO should specifically obtain all VA treatment records from November 2007 to the present and associate those records with the claims file.

The RO should also specifically request necessary releases for the Veteran's private physician, Dr. J., who conducted a CT scan of the Veteran's lung that indicated a "knot" in the right lung.

If the requested records are not available, or if the search for any such records otherwise yields negative results, that fact should clearly be documented in the claims file. 

2. To help avoid future remand, RO must ensure that the required actions have been accomplished (to the extent possible) in compliance with this REMAND.

If any action is not undertaken, or is taken in a deficient manner, corrective action should be undertaken before the claims file is returned to the Board. See Stegall, supra.

3. After completing of the foregoing, and after undertaking any further development deemed necessary, the RO should readjudicate the claim in light of all the evidence of record. If any benefit sought on appeal remains denied, the RO should furnish to the Veteran and his representative with a Supplemental Statement of the Case and afford them a reasonable opportunity for response.

Thereafter, if indicated, the case should be returned to the Board for the purpose of appellate consideration. The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).


_________________________________________________
STEPHEN L. WILKINS 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).